IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

CASE NO. 4:21-cv-00124-M

| | |
|---|---|
| MARY MERRYMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| DSS, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the court on the Plaintiff's failure to respond to the court's Order to Show Cause why this court should not dismiss her claims for lack of subject-matter jurisdiction. [DE 3]. On September 22, 2021, the court directed Plaintiff to demonstrate that this court had subject-matter jurisdiction over her claims no later than October 30, 2021. [DE 8]. On October 1, 2021, the Plaintiff requested an extension of time to address the Order to Show Cause. [DE 9]. That motion was granted, and the court ordered the Plaintiff to respond to the Order to Show Cause no later than January 30, 2022. [DE 10]. Plaintiff has not timely responded and has not otherwise prosecuted this action.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to prosecute, comply with the rules, or comply with a court order. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (internal quotations omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (citing the same).

1

Four criteria guide a district court's discretion in dismissing a case under Rule 41(b). The court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson*, 925 F.3d at 625. First, the Plaintiff has demonstrated a lack of personal responsibility by failing to respond to a court order. That alone has been deemed sufficient to dismiss a case for failure to prosecute. *See, e.g., Attkisson*, 925 F.3d at 625 ("This Court has previously upheld an involuntary dismissal under Rule 41(b) where the plaintiff 'failed to respond to a specific directive from the [trial] court.'"); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant."); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("Had petitioner failed to comply with a scheduling order or pay a filing fee established by a court of appeals, that court could certainly dismiss the appeal."). The court's Order to Show Cause expressly directed the Plaintiffs to demonstrate jurisdiction or the case would be dismissed. [DE 8]. Second, the court is unaware of any prejudice to the Defendants because they have not yet had to respond in this case. Third, the Plaintiff not only failed to respond to this court's Order to Show Cause but did so after receiving an extension of time from this court [DE 10]. Moreover, on September 7, 2021, Magistrate Judge Robert Numbers filed an Order & Memorandum & Recommendation recommending this court dismiss the Plaintiff's Complaint, in part, for lack of subject-matter jurisdiction. [DE 6]. The Plaintiff's subsequent filings did not address the Magistrate Judge's concerns. [DE 7]. Fourth, this court cannot proceed without jurisdiction. *See, e.g., Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). However, any harm to the Plaintiff from dismissal is mitigated because the court will dismiss the Plaintiff's Complaint without prejudice.

Therefore, because Plaintiff has failed to respond to this court's Order or demonstrate good cause for their failure to do so, Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

SO ORDERED this 9th day of February, 2022.

_Richard E Myers II_
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE